UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
PADRAIC KEATING,

                Petitioner,

  -against-                         **MEMORANDUM AND ORDER**
                                                        Case No. 03-CV-1286 (FB)
THE PEOPLE OF THE STATE OF NEW
YORK,

                Respondents.
------------------------------------------------------x

*Appearances:*
For the Petitioner:
VIVIAN SHEVITZ, ESQ.
150 Greenway Terrace, No. 52W
Forest Hills, New York 11375

LAUREN G. KLEIN, ESQ.
P.O. Box 2042
Nantucket, Massachusetts 02584

*For the Respondent*:
DANIEL M. DONOVAN, JR., ESQ.
District Attorney, Richmond County
By: ANNE GRADY, ESQ.
     Assistant District Attorney
130 Stuyvesant Place
Staten Island, New York 10301

**BLOCK, Senior District Judge:**

        Padraic Keating is currently incarcerated pursuant to state-court convictions for depraved-indifference murder and other charges stemming from a drunk-driving accident that resulted in the death of Roseann Sorrentino. Following numerous state-court proceedings, he filed a petition for a federal writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. For the following reasons, the petition is denied.

                                              I

        The prior proceedings are recounted in full in the Court's prior decision. *See Keating v. New York*, 708 F. Supp. 2d 292 (E.D.N.Y. 2010). Only a brief summary is necessary here:

Point I of Keating's amended petition raised numerous claims of ineffective assistance of counsel. Point II argued that the prosecutor's opening statement and closing argument had violated due process. Magistrate Judge Cheryl Pollak issued a report and recommendation (R&R) concluding that Keating's due-process claim had been exhausted in accordance with 28 U.S.C. § 2254(b)(1)(A). With respect to Keating's ineffective-assistance claim, she concluded that the claim was exhausted only insofar as Keating argued that his appellate counsel had failed challenge his *trial* counsel's failure to (1) diligently pursue a request to inspect Keating's van, and (2) failing to request that the top four counts against him—depraved-indifference murder, second-degree manslaughter, first-degree vehicular manslaughter and second-degree vehicular manslaughter—be charged to the jury in the alternative.

Magistrate Judge Pollak recommended that the three exhausted claims be denied on the merits. She recommended that the remaining, unexhausted claims be denied on the ground that they would be deemed procedurally barred if raised in state court or, in the alterative, that they be denied on the merits pursuant to 28 U.S.C. § 2254(b)(2).

Keating objected to the R&R, triggering the Court's *de novo* review. *See* 28 U.S.C. § 636(b)(1). The Court agreed with Magistrate Judge Pollak's conclusion that the unexhausted claims were without merit, with one exception. Keating objected to his appellate counsel's failure to challenge the admission of a videotaped statement he had made concerning his consent to a blood-alcohol test. The Court held that this was a potentially meritorious claim of ineffective assistance and, in addition, that it could still be

raised in state court through a petition for a writ of error *coram nobis*. *See Keating*, 708 F. Supp. 2d. at 300-03. In accordance with its holdings, the Court stayed adjudication of the exhausted claims pending Keating's presentation of the videotape claim in state court, and denied the unexhausted claims on the merits. *See id.* at 303.

Keating filed his *coram nobis* petition in state court. The Second Department tersely denied the petition. *See People v. Keating*, 902 N.Y.S.2d 397 (2d Dep't 2010) ("The appellant has failed to establish that he was denied the effective assistance of appellate counsel."). The Court of Appeals granted leave to appeal, but rejected the claim on the merits. *See People v. Keating*, 18 N.Y.3d 932 (2012).

## II

With the Court of Appeal's denial of Keating's *coram nobis* petition, there are now four claims that have been addressed by the courts of New York:

- A. whether appellate counsel provided ineffective assistance by not challenging the admission of Keating's videotaped statement;

- B. whether appellate counsel provided ineffective assistance by not challenging trial counsel's failure to pursue his request to inspect Keating's van;

- C. whether appellate counsel provided ineffective assistance by not challenging trial counsel's failure to request that the top four counts be charged to the jury in the alternative; and

- D. whether the prosecutor's opening statement and closing argument deprived Keating of due process.

The first three of those claims were addressed on the merits. *See People v. Keating*, 18

3

N.Y.3d at 934 (addressing videotaped statement); *People v. Keating*, 800 N.Y.S.2d 646 (2d Dep't 2005) ("The appellant has failed to establish that he was denied the effective assistance of appellate counsel.").

The fourth claim was raised in Keating's first *coram nobis* petition, but not mentioned in the Second Department's decision. Although there is a presumption that a state court has addressed a claim on the merits unless it "clearly and expressly rel[ies] on an independent and adequate state ground," *Coleman v. Thompson*, 501 U.S. 722, 735 (1991), the presumption applies only if the state court's decision "fairly appear[s] to rest primarily on federal law or to be interwoven with federal law." *Id.* Given the Second Department's complete silence, it is impossible to discern the basis for its rejection of Keating's due process claim. The Court will, however, treat it as a decision on the merits because the alternative would be to deemed it procedurally barred and, therefore, unreviewable.

The Court's *habeas* review of a state court's adjudication on the merits is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to determining whether the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The clearly established federal law governing the ineffective-assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

4

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. The clearly established federal law governing due-process claims based on improper comments by the prosecutor is set forth in *Darden v. Wainwright*, 477 U.S. 168 (1986):

> The relevant question is whether the prosecutors' comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." [T]he appropriate standard of review for such a claim on writ of *habeas corpus* is "the narrow one of due process, and not the broad exercise of supervisory power."

*Id.* at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)).

With those standards in mind, the Court addresses Keating's claims.

## A. Videotaped Statement

As the Court noted in its prior decision, evidence of the defendant's subjective mental state was, at the time of Keating's convictions, "not pertinent to a determination of the additional element [of depravity] required for depraved indifference murder." *Keating*, 708 F. Supp. 2d at 301 (quoting *People v. Roe*, 74 N.Y.2d 20, 24 (1989)). In addressing Keating's claim that his appellate counsel should have challenged the admission of his videotaped statement, the New York Court of Appeals acknowledged that a relevance objection may have been well-taken, but "that the argument was by no means

5

clear-cut." *Keating*, 18 N.Y.3d at 934 (internal quotation marks omitted). It cited *People v. Gomez*, 65 N.Y.2d 9 (1985), as an example of a case in which a defendant's callous remark supported a finding of depraved indifference. *See id.*[1] It concluded that an objection to the admission of the videotaped statement, if raised on appeal, "would [not] have prevailed." *Id.*

Although Keating's claim is based on his Sixth Amendment right to the effective assistance of counsel, it concerns appellate counsel's failure to raise an argument whose success depended solely on New York law. The Court of Appeals—the ultimate arbiter of New York law—has held that the argument would not have prevailed. As a result, its conclusion that Keating appellate counsel was not constitutionally deficient in that respect is entirely in keeping with *Strickland*. *See Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994) ("To establish prejudice in the appellate context, a petitioner must demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court." (internal quotation marks and alterations omitted)).

**B. Van Inspection**

Keating's trial counsel asked to inspect Keating's van, but did not pursue the request until six months later. In the meantime, the van was inadvertently destroyed. Keating argues an inspection of the van would have revealed evidence to support his

---

[1]The defendant in *Gomez* had, after running over a bicyclist with his car, told a bystander, "No I cannot brake, I cannot put the brakes on any longer. I have killed a person already." 65 N.Y.2d at 11.

6

theory that another car sideswiped him and caused him to collide with Sorrentino.

Although trial counsel did not inspect the van, he did seek an adverse inference instruction based on its destruction. The trial judge denied the request on the grounds that photographs of the van were an adequate substitution for inspection. Those photographs did not show any evidence of damage consistent with the "other driver" theory. Moreover, none of the four eyewitnesses who saw Keating driving saw another vehicle hit Keating's van just before the fatal collision with Sorrentino.[2]

In sum, an actual inspection of the van would have lent no support to Keating's already thin "other driver" theory. As a result, trial counsel's delay did not prejudice Keating. It was completely within the realm of competent assistance for Keating's appellate counsel not to pursue an argument that had little, if any, chance of success.

## C. Alternative Counts

As noted, Keating was convicted on counts of depraved-indifference murder, second-degree manslaughter, first-degree vehicular manslaughter and second-degree vehicular manslaughter.[3] The State does not dispute that second-degree manslaughter is a lesser-included offense of depraved-indifference murder. *See People v. Baker*, 14 N.Y.3d

---

[2] Eyewitness Kevin Condon testified that he had seen another vehicle pass Keating's van without incident.

[3] He was also convicted on two counts of two counts of driving while intoxicated and two counts of leaving the scene of an accident. *See Keating*, 708 F. Supp. 2d at 293.

7

266, 272 (2010) ("We have held that manslaughter in the second degree is a lesser-included offense of depraved indifference murder[.]"). Nor does it dispute that second-degree vehicular manslaughter is a lesser-included offense of first-degree vehicular manslaughter. *See* N.Y. Penal L. § 125.13 (defining first-degree vehicular manslaughter as second-degree vehicular manslaughter plus an additional element).

The imposition of punishment for both an offense and a lesser-included offense constitutes double jeopardy. *See Rutledge v. United States*, 517 U.S. 292, 297 (1996) ("[W]e have often concluded that two different statutes define the 'same offense,' typically because one is a lesser included offense of the other."). By failing to request that the four counts be charged to the jury in the alternative, Keating's trial counsel waived any double-jeopardy objection. *See Aparicio v. Artuz*, 269 F.3d 78, 96 (2d Cir. 2001) ("[T]he constitutional protection against double jeopardy is a personal right and, like other constitutional rights, can be waived if it is not timely interposed at trial."). Thus, Keating argues that his appellate counsel was ineffective for failing to raise trial counsel's omission as a ground for appeal.

In *Jackson v. Leonardo*, 162 F.3d 81 (2d Cir. 1998), the Second Circuit held that "appellate counsel's failure to raise a well-established, straightforward, and obvious double jeopardy claim constitute[d] ineffective performance" because the failure "could not reflect a plausible strategy to pursue more promising grounds." *Id.* at 85. Keating's appellate counsel, by contrast, had a viable, alternative strategy: to argue that the "recklessness" convictions (depraved-indifference murder and second-degree manslaughter) were

8

inconsistent with the "criminal negligence" convictions (first-degree vehicular manslaughter and second-degree vehicular manslaughter). Though unsuccessful, that argument would have resulted in *vacatur* of all four convictions and remand for a new trial:

> Because the jury found defendant guilty of both intentional and reckless homicide, it is impossible to determine what if anything the jury decided on the issue of defendant's mental state at the time of the offense. A new trial is therefore required.

*People v. Gallagher*, 69 N.Y.2d 525, 530 (1987). A double jeopardy argument would have resulted in the *vacatur* of only the convictions on the lesser-included counts. *See People v. Lee*, 39 N.Y.2d 388, 390 (1976). Given that New York law required concurrent sentences on Keating's convictions, it was not constitutionally ineffective for appellate counsel to forgo an argument that would have resulted in little practical gain for her client in favor of one that might have resulted in a new trial.

**D. Due Process**

In his opening statement, the prosecutor told the jury, "I can tell you where he [Keating] ended up. He ended up back down on Cappodanno Boulevard." Trial Tr. at 31. Since there was ample evidence placing Keating at the scene of the accident, the prosecutor's comment can only be understood as his assessment of what the evidence would show. It did not, as Keating suggests, "convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant." *United States v. Young*, 470 U.S. 1, 18 (1985).

In his closing argument, the prosecutor stated that he did not "have any

9

problems with them [the burden of proof and presumption of innocence]," so the jurors "shouldn't have any problems with them either." Trial Tr. at 837-38. Keating argues that the prosecutor improperly vouched for the strength of the State's case, effectively inviting the jury to "take his word for it." Am. Pet. at 129. However, Keating overlooks the significance of the prosecutor's next statements: "You shouldn't have any problems with them because I submit the evidence in this case for this type of case is overwhelming. The evidence of his drunken, depraved conduct is beyond, beyond a reasonable doubt." Trial Tr. at 838. In other words, the prosecutor did not "have any problems" with his burden of proof because the evidence of guilt was overwhelming. Far from asking the jury to turn abdicate its responsibility, the prosecutor was asking the jury to evaluate the evidence.

Finally, Keating argues that the prosecutor's repeated emphasis on the gruesome manner of Sorrentino's death was inflammatory and distracted the jury from the relevant issues. The Court disagrees that the manner of death was utterly irrelevant. On the depraved-indifference charge, the State's burden was to show that Keating "recklessly engage[d] in conduct which creates a grave risk of death to another person" under circumstances "evincing a depraved indifference to human life." N.Y. Penal L. § 125.25(2). That Sorrentino was, as the prosecutor said, pinned to a van traveling more then 60 miles an hour and screaming arguably reflected both the recklessness of Keating's conduct and the circumstances necessary to support a jury finding of depraved indifference. *Cf. Darden*, 477 U.S. at 182 (condemning prosecutor's closing argument, but noting that "it did not manipulate or misstate the evidence").

10

## III

Keating's petition is denied. A certificate of appealability will not issue because Keating has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**

<u>Frederic Block</u>
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 20, 2013